John Schryber (JS 7881)
John Corbett (JC 2433)
**PATTON BOGGS LLP**
1675 Broadway at 52nd Street
31st Floor
New York, New York 10019-5820
Telephone: 646-557-5100
Facsimile: 646-557-5101

Attorneys for Plaintiffs
Blue Wolf Capital Management LLC, Adam M.
Blumenthal and Josh A. Wolf-Powers



UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BLUE WOLF CAPITAL MANAGEMENT LLC, ADAM M. BLUMENTHAL and JOSH A. WOLF-POWERS<br><br>Plaintiffs,<br><br>v.<br><br>JOHNNIC HOLDINGS LIMITED,<br><br>Defendant. | COMPLAINT |

Blue Wolf Capital Management LLC ("Blue Wolf"), Adam M. Blumenthal ("Blumenthal") and Josh A. Wolf-Powers ("Wolf-Powers") (collectively "Plaintiffs"), by their attorneys, Patton Boggs, LLP, for their Complaint against Defendant Johnnic Holdings Limited ("Defendant" or "JNC") alleges upon knowledge as to themselves and upon information and belief as to others, as follows:

### NATURE OF THIS ACTION

1.   This is a civil action for a declaratory judgment.

2.   By this action, Plaintiffs seek a declaratory judgment that that a certain agreement, known as the Amended and Restated Limited Liability Company Agreement of Blue

46091

Wolf Capital Management LLC dated June 14, 2006 (hereinafter the "Agreement", a true and correct copy the Agreement is annexed hereto as Exhibit "A"), is ineffective and voidable by Plaintiffs, as of August 28, 2007, for the nonoccurrence of an express condition precedent—namely, obtaining of a specified "approval" within a reasonable period of time—and that Plaintiffs do not owe any obligation, and cannot be in default of any obligation, under the Agreement.

## THE PARTIES

3.   Plaintiff Blue Wolf is a limited liability company organized under the laws of the State of Delaware, with a principal place of business located at 48 Wall Street, 31st Floor, New York, New York 10005.

4.   Plaintiff Blumenthal is a citizen of the State of New York, and is an original member and Managing Partner of Plaintiff Blue Wolf.

5.   Plaintiff Wolf-Powers is a citizen of the State of New York, and is an original member and Partner of Plaintiff Blue Wolf.

6.   Defendant JNC is a corporation organized under the laws of the Republic of South Africa, with its principal place of business located at Longkloof Studios, P.O. Box 5251, Cape Town, 8000, South Africa.

## JURISDICTION AND VENUE

7.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as this is an action between citizens of States of the United States and a citizen of a foreign state, and the amount in controversy, exclusive of interest and costs, exceeds $75,000. Specifically, Plaintiffs Blumenthal and Wolf-Powers are citizens of the State of New York, and Plaintiff Blue Wolf is a corporation organized under the laws of the State of Delaware, with a principal place of business in the State of New York. Defendant JNC is a corporation organized under the laws of the Republic of South Africa, with a principal place of business in the Republic of South Africa. In

addition, the Declaratory Judgment Act, 28 U.S.C. § 2201, authorizes this Court to grant Plaintiffs declaratory relief.

8. This Court has jurisdiction of this action because the Defendant may be found and transacts continuous, systematic and substantial business in this State and District.

9. This Court has jurisdiction of this action because the contract which is the subject of this action was negotiated and executed within this State and District.

10. This Court has jurisdiction of this action because by operation of the Agreement, the Defendant agreed to conduct business within this State and District via the Agreement.

11. Venue in this District and before this Court is proper pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the cause of action occurred in this District.

## FACTUAL BACKGROUND

12. Plaintiff Blue Wolf was organized as a limited liability company in the State of Delaware pursuant to a limited liability company agreement effective as of May 17, 2005 ("Original Agreement").

13. At all times during the period of time relevant to this Complaint, Plaintiffs have been engaged in the business of private equity investment and management.

14. At all times during the period of time relevant to this Complaint, Defendant JNC has been engaged in business as an investment holding company.

15. On June 14, 2006, Plaintiff Blue Wolf, Defendant JNC, and Blue Wolf members Plaintiff Blumenthal and Plaintiff Wolf-Powers executed the Agreement, the purpose of which was to amend and replace in its entirety the Original Agreement, and to admit JNC as a member of Blue Wolf.

16. Section 13.11 of the Agreement provides that the Agreement will become "effective" upon the satisfaction of certain Suspensive Conditions as defined in the Agreement.

17. One such Suspensive Condition was and is "the approval by the South African Exchange Control Authorities of . . . JNC entering into the Agreement and making its initial

Capital Contribution to [Blue Wolf]" (the "Suspensive Condition").

18. JNC held the exclusive power to file an application with the South African Exchange Control Authorities required to bring about the occurrence of the Suspensive Condition.

19. Section 1.9 of the Agreement defines certain "Milestones" established to commence the business of Blue Wolf under the Agreement within a reasonable time.

20. One such Milestone established by Section 1.9 of the Agreement is "the completion within one hundred eighty (180) days of the date of [the] Agreement [*i.e.*, June 14, 2006] of a private placement memorandum" for a pooled investment vehicle "for distribution to investors."

21. The date for completion of the Milestone referenced in Paragraph 20 of this Complaint was December 11, 2006.

22. The ability of Blue Wolf to achieve the Milestone referenced in Paragraphs 19 through 21 of this Complaint was and is, as of the date of filing of this Complaint, contingent upon satisfaction the Suspensive Condition.

23. As of August 28, 2007, one year, two months and fourteen days following execution of the Agreement, JNC has not even applied to the South African Exchange Control Authorities for the approval necessary to satisfy the Suspensive Condition and thereby make the Agreement effective.

24. Because, as of the date of this Complaint, the Suspensive Condition has not occurred, the Milestone established by the Agreement has not been achieved within a reasonable time.

25. By letter dated August 13, 2007, JNC notified Plaintiffs that as of that date, JNC "believe[s] that this agreement is still in force and effect."

26. JNC's August 13, 2007 declaration regarding the "force and effect" of the Agreement was made notwithstanding the express terms of Section 13.11 of the agreement, which states that the effectiveness of the Agreement is "subject to the satisfaction of any

Suspensive Condition."

27. At the time of JNC's August 13, 2007 declaration regarding the "force and effect" of the Agreement, the Suspensive Condition had not been satisfied, and therefore the Agreement had not become effective.

28. As of the date of this Complaint, the Suspensive Condition has not occurred within a reasonable amount of time as contemplated in the Agreement.

29. The Suspensive Condition is a condition precedent to the Agreement becoming effective, and therefore, the nonoccurrence of the Suspensive Condition within a reasonable amount of time renders the Agreement voidable by Plaintiffs.

30. By letter transmitted by facsimile on the morning of August 28, 2007, Plaintiffs notified JNC as follows:

> It is our legal position that the contract dated June 14, 2006, having not become effective for failure of condition precedent, is ineffective and thus, voidable. To the extent our legal position is correct, we hereby exercise our right to avoid the contract.

### FIRST CAUSE OF ACTION: DECLARATORY JUDGMENT

31. Plaintiffs repeat and reallege the allegations contained in Paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32. Under the Agreement, the Agreement would not become effective, and thus would be voidable, without the occurrence of the Suspensive Condition within a reasonable time after the June 14, 2006 date of execution of the Agreement.

33. The failure of the Suspensive Condition to occur as of the date of this Complaint constitutes a failure of the Suspensive Condition to occur within a reasonable time.

34. The failure of the Suspensive Condition to occur within a reasonable time is not the fault of Plaintiffs.

35. By virtue of the failure of the Suspensive Condition to occur within a reasonable

time and without fault of Plaintiffs, the Agreement remains ineffective and thus voidable by Plaintiffs.

36.  Because the Agreement is ineffective and voidable as of the date of filing of this Complaint, Plaintiffs do not owe any obligation, and cannot be in default of any obligation under the Agreement.

37.  Despite the Agreement being ineffective and voidable by Plaintiffs by virtue of the failure of the Suspensive Condition to occur within a reasonable time and without fault of the Plaintiffs, Defendant JNC has asserted that it considers the Agreement "still in force and effect."

38.  The foregoing raises the question of whether the Agreement is ineffective and voidable by Plaintiffs, or whether it is "still in force and effect," and therefore presents an actual and justiciable controversy between the parties, within the jurisdiction of this Court, such that this Court may grant declaratory relief pursuant to 28 U.S.C. § 2201.

39.  Accordingly, Plaintiffs are entitled to judgment by which this Court renders the following judicial declaration:

> (1) The Amended and Restated Limited Liability Company Agreement of Blue Wolf Capital Management LLC dated June 14, 2006 ("Agreement") is ineffective and voidable by Plaintiffs as of August 28, 2007;
>
> (2) Whereas, Plaintiffs declared their intention to avoid the Agreement as of August 28, 2007, to the extent they had the legal right to do so (and it having been judicially declared herein that Plaintiffs did have the right to do so), Plaintiffs do not owe any obligation, and cannot be in default of any obligation, under the Agreement.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs hereby demand:

(A) a declaratory judgment in the form set forth in above in Paragraph 39.

(B) any other relief as the Court deems just and proper.

46091                                    6

Respectfully submitted,

PATTON BOGGS LLP

By: _____

John Schryber (JS 7881)
1675 Broadway at 52nd Street
31st Floor
New York, New York 10019-5820
Telephone: 646-557-5100
Facsimile: 646-557-5101

*Attorneys for Plaintiffs*
*Blue Wolf Capital Management LLC, Adam M.*
*Blumenthal and Josh A. Wolf-Powers*

Dated: August 28, 2007